UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
UNITED STATES OF AMERICA,

          -against-                                    95-cr-0284 (LAK)

ALFREDO GALLEGO,

                    Defendant.
------------------------------------------x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        On January 21, 1993, Alfredo Gallego set out with confederates to rob a Postal Service truck that they believed was carrying cash. They blocked the truck. Gallego, wearing a postal service uniform, exited the blocking vehicle, approached the truck, and fired a single shot from a silenced pistol into the postal service driver and killed him. As the Court observed at sentencing, "there isn't the slightest question . . . that this was a carefully planned premeditated execution."

        Gallego was convicted of the premeditated murder of a federal employee and sentenced to life imprisonment. He now applies for compassionate release. His able and thorough appointed counsel argues that the motion should be granted because of (1) Gallego's rehabilitation and alleged transformation while in prison, (2) his age at the time of the murder (23 years and 3 months), (3) his conditions of confinement during the COVID-19 pandemic, (4) lower sentences imposed of some of his confederates, and (5) the declining health of his mother and grandmother.

        The motion is denied, largely for the reasons set forth in the government's opposition.

Dkt. 238. I write only to emphasize two points.

1. The government is correct in pointing out that (a) compassionate release is unavailable absent a finding of extraordinary and compelling reasons for such relief, and (b) the Sentencing Reform Act provides specifically that "[r]ehabilitation of the defendant alone shall not be considetred an extraordinary or compelling reason." 28 U.S.C. § 994(t). That is not to say that rehabilitation is to be ignored nor that there is not a good deal of evidence that Gallego to a substantial extent has changed in the right direction. He appears to be entitled to a good deal of credit for having made constructive use of his time in prison. But the other factors upon which he relies to make out a showing of extraordinary and compelling reasons, either taken individually or in combination with each other and with the evidence of rehabilitation,are not very persuasvie. I therefore am inclined to agree with the government that the extraordinary and compelling standard has not be satisfied here. But that is an issue I need not decide in view of my conclusion with respect to the 3553 factors.

2. This was a carefully planned, premeditated murder deliberately carried out in the course of an armed robbery. The planning, as the government notes, went on for months. The robbery was attempted a week before Gallego and his confederates succeeded in carrying it out and murdering the postal service driver. This killing thus was not a product of rage. It was not a crime of passion. It was not committed on a sudden impulse. It was a deliberate part of an elaborate scheme that was thought through in advance. There was plenty of time for Gallego to have backed out.

I am obliged by the Sentencing Reform Act to consider, among other factors, "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" and "(B) to afford adequate deterrence

3

to criminal conduct;" and the sentencing range established by the Sentencing Commission for crimes of this nature. As indicated, this was a cold-blooded, premeditated murder. The sentencing range for this offense was life imprisonment. In my view, any shorter sentence would fail to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." Accordingly, any alteration of the sentence or compassionate release would not be appropriate even assuming that Gallego had satisfied the requirement of an extraordinary and compelling reason for such relief.

        Motion denied.

        SO ORDERED.

Dated:      August 19, 2021

                                                Lewis A. Kaplan
                                          United States District Judge